**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose LUGO, aka Jose Ignacio–Zamaron Lugo, Defendant–Appellant.**

**No. 14–10008.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2014.*

Filed Sept. 15, 2014.

Anne Elizabeth Mosher, Esquire, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephanie Kathryn Bond, Esquire, Law Offices of Stephanie K. Bond, PC, Tucson, AZ, Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Defendant Jose Lugo appeals the district court's imposition of a 16–level sentencing enhancement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lugo's prior conviction for violating Cal.Penal Code § 261.5(d), which prohibits unlawful sexual intercourse with a minor under 16, is categorically a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Gomez–Mendez,* 486 F.3d 599, 603 (9th Cir.2007) (concluding that the generic crime of statutory rape encompasses "the full range of conduct proscribed by Cal.Penal Code § 261.5(d)"). Our decisions defining the term "sexual abuse of a minor" do not alter the elements of generic statutory rape. *See United States v. Zamorano–Ponce,* 699 F.3d 1117, 1120 (9th Cir. 2012).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

